**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glen R. Scotti, ) | No. CV-09-1264-PHX-MHM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) City of Phoenix, et al., ) | |
| )  Defendants. ) | |
| ) | |

Currently before the Court is Defendants City of Phoenix, City of Phoenix Police Department, Mary Freund, Christina Gonzalez, Jack Harris, Sandra Renteria, and David Sampson's Motion to Dismiss (Dkt. #13), filed on September 9, 2009. Plaintiff filed a Response (Dkt. #16) on October 5, 2009, and Defendants filed a Reply (Dkt. #17) on October 13, 2009. The Court has considered the pleadings of the parties as well as the applicable law and now enters its ruling.

**I.  LEGAL STANDARDS**

In considering a motion to dismiss, the factual allegations of the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 563 n. 1 (9th Cir. 2005). A complaint must state a claim for relief that is plausible and that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009).

## II. BACKGROUND / THE ALLEGATIONS OF THE COMPLAINT

On June 11, 2009, Plaintiff Glen Scotti filed a Complaint against the City of Phoenix, Phoenix Police Department, Chief of Police Jack Harris, Commander Sandra Renteria, Lieutenant Christina Gonzalez, Detective Mary Freund, and Detective David Sampson. (Dkt. #1, ¶¶ 2-8).

Plaintiff is a retired Adult Probation Officer and, during the time the events in this case allegedly occurred, he worked as a licensed private investigator. (Dkt. #1, ¶ 22). Sometime prior to May 29, 2007, Plaintiff was hired by Andrew Rehkow to perform private investigative work. (Dkt. #1, ¶ 18). Rehkow was involved in an ongoing divorce proceeding with his former wife, Kimberly Lewis. (Dkt. #1, ¶ 14). Throughout the divorce proceedings, Lewis made several accusations of alleged criminal activity by Rehkow. Id. These accusations led to an ongoing criminal investigation against Rehkow that began in March 2002 and continued for a number of years. Id. Throughout that time period, Defendant Freund remained the lead investigator for the Rehkow investigation. Id. During this time, Defendant Freund became personally and emotionally involved with Lewis. (Dkt. #1, ¶ 15). Ultimately, Defendant Freund believed that Plaintiff's involvement as an investigator was criminal and she accused Plaintiff of being an accessory to aggravated harassment of Lewis committed by Rehkow. (Dkt. #1, ¶ 20).

On May 29, 2007, several City of Phoenix police officers used a battering ram to execute a search warrant at Plaintiff's home. (Dkt. #1, ¶¶ 12-13). Plaintiff contends that the search warrant was procured through the use of false and fabricated evidence. (Dkt. #1, ¶ 13). On June 12, 2007, the Maricopa County Grand Jury handed down an indictment charging Plaintiff with one count of Stalking, a class 3 felony. (Dkt. #1, ¶ 21). To secure the grand jury indictment against Plaintiff, Defendant Sampson appeared and testified before the grand jury. (Dkt. #1, ¶ 24). Defendant Sampson testified consistent with the reports prepared and submitted by Defendant Freund. Id. During the course of the criminal proceedings it was determined that the summaries and statements included in the reports prepared by Defendant Freund were factually inaccurate and contained false and fraudulent

statements and evidence. (Dkt. #1, ¶ 25). Additionally, Defendant Freund's reports intentionally omitted exculpatory evidence. (Dkt. #1, ¶ 26).

In a Minute Entry dated August, 5, 2008, the trial court issued a ruling that, as a matter of fact and law, the facts as presented to the grand jury were false and were not sufficient to establish probable cause. (Dkt. #1, ¶ 28). The State did not seek to obtain a second indictment or other probable cause determination against Plaintiff. Id. On December 18, 2008, the charges against Plaintiff were dismissed. (Dkt. #1, ¶ 29).

On June 11, 2009, Plaintiff filed the present Complaint, consisting of one federal claim against Defendants for malicious prosecution under 42 U.S.C. § 1983 (Count 1), and several state law claims for malicious prosecution (Count 2), gross negligence (Count 3), intentional infliction of emotional distress (Count 4), negligent infliction of emotional distress (Count 5), and defamation of character (Count 6). (Dkt. #1).

**III. DISCUSSION**

    **A.    Malicious Prosecution Under 42 U.S.C. § 1983**

Plaintiff asserts a malicious prosecution claim against Defendants under 42 U.S.C. § 1983. "[T]o prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Id. at 1066.

To state a claim for malicious prosecution, Plaintiff must have alleged that a state or local official improperly exerted pressure, knowingly provided misinformation to the prosecutor, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings. Lacy v. County of Maricopa, 631 F. Supp. 2d 1183, 1195 (D. Ariz. 2008). The filing of a criminal complaint immunizes police officers from damages suffered thereafter because it is presumed

| | |
|---|---|
| 1 | that the prosecutor filing the complaint exercised independent judgment in determining that |
| 2 | probable cause for an arrest exists at that time. Harper v. City of Los Angeles, 533 F.3d |
| 3 | 1010, 1027 (9th Cir. 2008). "A § 1983 plaintiff may rebut this presumption, however, by |
| 4 | showing that the [prosecutor] was pressured or caused by the investigating officers to act |
| 5 | contrary to his independent judgment." Id. at 1028. The presumption of prosecutorial |
| 6 | independence does not protect investigative officers if they interfered with the prosecutor's |
| 7 | judgment by making false reports or omitting relevant information. Id. |
| 8 | In the present case, Plaintiff alleges that "[t]he Defendants, individually and |
| 9 | collectively, contributed to the presentation of false and fraudulent evidence and testimony |
| 10 | to the Maricopa County Grand Jury." (Dkt. #1, ¶ 33). Specifically, according to Plaintiff, |
| 11 | "Defendant Freund's reports intentionally omitted exculpatory evidence," "Defendant |
| 12 | Freund's supervisors were aware of her actions and helped perpetuate the introduction of |
| 13 | false evidence and the malicious prosecution of Plaintiff," and "the summaries and |
| 14 | statements included in the reports prepared by Defendant Freund were factually inaccurate |
| 15 | and contained false and fraudulent statements and evidence." (Dkt. #1, ¶¶ 25-27). It is |
| 16 | possible to infer from these allegations that the grand jury's ultimate decision to indict |
| 17 | Plaintiff was tainted by the false information presented by Defendants and that Defendants |
| 18 | acted with malice and with the intent to deprive Plaintiff of his Constitutional rights. |
| 19 | In their Reply, Defendants argue that a two–year statute of limitations forecloses |
| 20 | Plaintiff's § 1983 claims, based on Plaintiff's alleged need to amend his Complaint to |
| 21 | articulate causes of action under the First and Fourth Amendments. The Court need not |
| 22 | consider Defendants' position since it was first raised in their reply brief. Eberle v. City of |
| 23 | Anaheim, 901 F.2d 814, 818 (9th. Cir. 1990) (noting that legal arguments raised for the first |
| 24 | time in the reply brief are deemed waived). Thus, even if the argument Defendants made had |
| 25 | merit, which it lacks, the Court could not appropriately consider it, since Plaintiff did not |
| 26 | have the opportunity to respond. See United States v. Romm, 455 F.3d 990, 997 (9th. Cir. |
| 27 | 2006); Smith v. Marsh, 194 F.3d 1045, 1052 (9th. Cir. 1999). |
| 28 | On the basis of the allegations in his complaint, Plaintiff may be able to prove that |

1 Defendants' false and fraudulent testimony to the grand jury and other similarly
2 conspiratorial conduct were instrumental in causing the filing and prosecution of the criminal
3 proceedings. Plaintiff has therefore stated a claim for malicious prosecution under § 1983.

### B. Notice of Claim

Arizona Revised Statutes ("A.R.S.") § 12-821.01(A) provides that "[p]ersons who have claims against a public entity or public employee shall file claims . . . within one hundred eighty days after the cause of action accrues." The statute mandates that "[a]ny claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." Id. "Compliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action. Failure to comply with the statute is not cured by actual notice or substantial compliance. Rather, plaintiff's failure bars any claim against the entity or employee." Harris v. Cochise Health Sys., 215 Ariz. 344, 351, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (internal citations omitted). "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." Mayer Unified Sch. Dist. v. Winkleman, 219 Ariz. 562, 566, 201 P.3d 523, 527 (2009) (citation omitted); A.R.S. § 12-821.01(B).

Plaintiff claims that his cause of action accrued on August 8, 2008, when he discovered, through an electronically filed Minute Entry in the Maricopa County Superior Court, that evidence presented by Defendants to the grand jury was false. In the Minute Entry, the Superior Court commented that "[t]he admitted false information presented [was] more than sufficient to call into question how the grand jurors viewed the evidence presented" and that the information presented to the jury "was not correct and severely undermine[d] the fairness of the proceedings." State v. Scotti, CR2007-134343-001 DT (Maricopa County Super. Ct. Aug. 5, 2008). The Superior Court ultimately held that "the admitted errors in [the] case were not harmless." Id. Is it highly probable that without this entry by the Superior Court, Plaintiff may have never discovered the fraudulent evidence that

was presented by Defendants.

Plaintiff served his original Notice of Claim on Defendants City of Phoenix and Renteria on August 14, 2008. He served his Amended Notice of Claim on Defendants Phoenix Police Department, Freund, Gonzalez, Harris, and Sampson on February 6, 2009. According to the Court's calculations, Plaintiff's original Notice of Claim was served six days after his cause of action accrued and his Amended Notice of Claim was served 182 days after his Cause of Action accrued.[1] Accordingly, Plaintiff's state claims against Defendants Phoenix Police Department, Freund, Gonzalez, Harris, and Sampson must be dismissed.

### C. Statute of Limitations

Arizona Revised Statutes § 12-821 provides that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." Mayer Unified Sch. Dist., 219 Ariz. at 566, 201 P.3d at 527. As mentioned in Section B, *supra*, Plaintiff contends that his cause of action accrued on August 8, 2008. Plaintiff filed his Complaint in this Court on June 24, 2009. Because this action was filed within one year after Plaintiff's cause of action accrued, the statute of limitations has not run and the state claims against the remaining two Defendants are not time-barred.

### D. State Law Claims for Malicious Prosecution, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Defamation.

Defendants assert that the state law claims for malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation should be dismissed. Plaintiff agrees. Therefore, the Court will dismiss the state law claims

---

[1]According to the Court's calculations, there were 23 days remaining in August after the 8th, 30 days in September, 31 days in October, 30 days in November, 31 days in December, 31 days in January, and six days in February for a total of 182 days.

1  for malicious prosecution, intentional infliction of emotional distress, negligent infliction of
2  emotional distress, and defamation.

### E. Gross Negligence

A party is grossly negligent if "he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." Walls v. Ariz. Dep't Pub. Safety, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991). "Ordinarily, the issue of gross negligence is a question of fact to be decided by the jury." Id. (citing Southern Pac. Transp. Co. v. Lueck, 111 Ariz. 560, 563, 535 P.2d 599, 602 (1975), cert. denied, 425 U.S. 913 (1976)). "In order to present such an issue to the jury, gross negligence need not be established conclusively, but the evidence on the issue must be more than slight and may not border on conjecture." Id. (citing DeElena v. Southern Pac. Co., 121 Ariz. 563, 569, 592 P.2d 759, 765 (1979)). "A court may withdraw the issue of gross negligence from the jury only when no evidence is introduced that would lead a reasonable person to find gross negligence." Id. Additionally, "a wanton or grossly negligent servant may subject his master to punitive damages." Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 502, 647 P.2d 629, 633 (1982).

Here, Plaintiff contends that Defendants' "conduct deviated from the duty and standard of care required of police officers by relying on false or fraudulent information to secure a grand jury indictment against [Plaintiff] and the subsequent use of that information as a basis for criminal prosecution of [Plaintiff]." (Dkt. #1, ¶ 48). Indeed, a review of the Superior Court's Minute Entry shows that "the evidence presented to the grand jury was false." Scotti, CR2007-134343-001 DT at p. 2 (Maricopa County Super. Ct. Aug. 8, 2008). Because the Court must draw all reasonable inferences in favor of Plaintiff, and since the evidence on this issue is "more than slight," a reasonable person might be able to find gross negligence. Accordingly, the gross negligence claim against Defendants City of Phoenix and Renteria will not be dismissed.

### F. City of Phoenix Police Department

Defendants contend that because the Phoenix Police Department is a non-jural entity, this Court is without jurisdiction. (Dkt. # 13, p. 15). Plaintiff agrees. (Dkt. #16, p. 8). As this court has indicated previously, the Arizona state courts have not yet addressed the issue of whether police departments, sheriff's offices, and entities with similar legal identities are non-jural under Arizona state law, and decisions issued by courts within the District of Arizona have been conflicting. See Auble v. Maricopa County, 2009 U.S. Dist. LEXIS 110457 (D. Ariz. Oct. 14, 2009); Payne v. Arpaio, 2009 U.S. Dist. LEXIS 110553, *12-16 (D. Ariz. Nov. 4, 2009). In this case, Defendants suggest that the City of Phoenix is the appropriate Defendant since the Phoenix Police Department is merely a subpart of the City of Phoenix. (Dkt.#13, p. 15). Because the City of Phoenix is already a named Defendant, without offering an opinion as to whether the Phoenix Police Department is a non-jural entity, the Court will dismiss the Phoenix Police Department, as its presence is superfluous.

**Accordingly,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Dkt. #13) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims for malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claim for gross negligence against Defendants Phoenix Police Department, Freund, Gonzalez, Harris, and Sampson is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Phoenix Police Department are **DISMISSED WITH PREJUDICE**.

///

**IT IS FURTHER ORDERED** that Plaintiff's claims for (1) Malicious Prosecution under 28 U.S.C. 1983 against Defendants City of Phoenix, Mary Freund, Christina Gonzalez, Jack Harris, Sandra Renteria, and David Sampson; and (2) Gross Negligence under state law against Defendants City of Phoenix and Renteria may proceed.

DATED this 16th day of March, 2010.

_____
Mary H. Murguia
United States District Judge